### BORINSTEIN *v.* RAYCON LAND COMPANY.

MORTGAGES—USURY—CORPORATIONS—WAIVER OF DEFICIENCY.

> Mortgage, executed by defendant corporation, which provided for interest at the rate of 2% per month *held*, not subject to defense of usury in foreclosure proceedings, where trial judge found as a matter of fact that defendant was not organized by its incorporators as a dummy corporation at the request of the lenders but for the incorporators' own purposes, the plaintiff having waived any right to hold defendant indorsers, the incorporators, for possible deficiency (CL 1948, § 450.78, as amended by PA 1957, No 116).

Appeal from Washtenaw; Breakey, Jr. (James R.), J. Submitted May 8, 1963. (Calendar No. 51, Docket No. 49,745.) Decided June 3, 1963.

Bill by Al S. Borinstein against Raycon Land Co., a Michigan corporation, Fred Gattegno, and others, to foreclose a mortgage. Decree for plaintiff. Defendant Gattegno appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTE
37 Am Jur, Mortgages §§ 576–590.
55 Am Jur, Usury § 162.

*Schon & Wise* (*Jack Schon*, of counsel), for plaintiff.

*Morton H. Collins,* for defendant Gattegno.

Black, J. Defendant-appellant Fred Gattegno, originally 1 of the freeholders of mortgaged real estate situated in Washtenaw county's Ypsilanti township, appeals from a decree of foreclosure entered after contested hearing of his pleaded allegation that the amount claimed due by the plaintiff mortgagee is tainted by and reducible on account of usury.

The mortgage was executed April 23, 1959, by Raycon Land Company, a Michigan corporation, immediate grantee of all then holders of record title including appellant, as mortgagor, to Harry Z. Brown and plaintiff Al S. Borinstein, as mortgagees. The secured sum was $220,000. The mortgage and mortgage note called for payment of the secured sum "on or before April 23, 1960," with "interest at the rate of 2% per month." Substantial payments upon the mortgage and mortgage note were made. Mr. Brown in the meantime assigned his interest therein to plaintiff Borinstein. The hearing chancellor decreed that the amount due on foreclosure was $67,861.71. Appellant says, on strength of his allegation of usury, that the amount should be reduced to $13,330.09. Such is the substance of the briefed issue on appeal.

The pointed question is whether Raycon Land Company was organized as a dummy corporate mortgagor in order that a usurious loan be made[*] in fact to the negotiating individuals, that is, titleholders Fred Gattegno, Jack Gattegno, and Raymond G. Conway. If so, and as claimed by appel-

[*] See CL 1948, § 450.78, as amended by PA 1957, No 116 (Stat Ann 1961 Cum Supp § 21.78).—Reporter.

lant, the testimonial record would plainly call for application of the rules and Biblical principles found in *Wilcox* v. *Moore*, 354 Mich 499. But the hearing chancellor, reviewing carefully the testimonial record, found the other way on strength of proof we agree was quite decisive. After having observed:

"The question is whether the loan was to the 3 individuals, Fred Gattegno, Jack Gattegno, and Raymond G. Conway or to the corporation. The answer is that the loan was not intended either by the lenders or the borrower to be to the 3 individuals. The matter is a question of fact";

and after having quoted at length from the apparently forthright testimony of Mr. Conway (one of the negotiators of the loan and one of the above identified titleholders); Judge Breakey ruled:

"This is not the case of a hard pressed individual or group being forced by a borrower to set up a dummy corporation for the 1 loan as in *Wilcox* v. *Moore*, 354 Mich 499, cited and relied upon by defendant, Fred Gattegno. Here was a group of men who for some years to *avoid personal liability* and *for tax purposes* had some 30 corporations used indiscriminately in shuffling funds both in borrowing and spending who set up another corporation, Raycon Land Company, for their own purposes, and used it along with their *other* corporations for their *own purposes,* as they had done in previous borrowing transactions with plaintiff and Brown. These defendants were rather adroit operators in their field,—at least for a while. It was not to protect such as defendants that the usury statute was intended to be applied. These defendants for years had the benefits of the protection and the use of the framework of their corporations. The corporate purpose throughout was for their own protection and purpose, and it is only Fred Gattegno and their attorney, Marvin Reider, who seriously claim the

loan was a personal loan. Jack Gattegno has not spoken and is defaulted; Conway says it was not a personal loan.

"The court finds the corporation was the borrower, that the Gattegnos and Conway, at the time the loan was made were not personally to receive the proceeds and did not receive the proceeds except as they were interested as stockholders in numerous corporations which were recipients of the proceeds of the loan." (Emphasis is that of Judge Breakey.)

The final determinant of the case is, perforce, found in the right answer to the stated question of fact. That question was resolved below against appellant. For wearisomely repeated reasons found in our reports, there appears no cogent ground for disagreement with such resolution. The loan was actually made to the mortgagor corporation, and that corporation was preponderantly shown as having been the direct and actual disburser of nearly all of the proceeds to another land developing corporation, Macway Home Builders; a corporation the 2 Gattegnos and Mr. Conway had formed and controlled.

The only personal connection of the Gattegnos and Conway with the loan was that they indorsed the mortgage note. That however makes no pertinent difference. See the majority opinion of *Pardee* v. *Fetter*, 345 Mich 548, in array with the fact that plaintiff has expressly waived—below and here—any right he may have possessed to hold the indorsers liable for possible deficiency.

Decree affirmed. Costs to plaintiff.

CARR, C. J., and DETHMERS, KELLY, KAVANAGH, SOURIS, SMITH, and O'HARA, JJ., concurred.