RUTTER v TROY MORTGAGE SERVICING CO

Docket No. 79796. Submitted February 7, 1985, at Lansing.—Decided August 20, 1985. Leave to appeal applied for.

Plaintiff, Kay C. Rutter, individually and as a representative of a class of persons similarly situated, brought an action in the Genesee Circuit Court against the defendants, Troy Mortgage Servicing Co., Dollar Watchers, Inc., Mutual Mortgage Company, Salem Mortgage Company, Goldwyn Robinson, and Joseph Steingold. Plaintiff's action concerned a "wraparound mortgage" which she obtained and her claims against the defendants were based upon the federal Consumer Credit Protection Act and Truth in Lending Act, the federal Truth in Lending Regulations, the Michigan Consumer Protection Act and usury prohibitions of state law. Defendants Troy Mortgage

REFERENCES FOR POINTS IN HEADNOTES

[1, 7] Am Jur 2d, Interest and Usury §§ 111 *et seq.*
    See the annotations in the ALR3d/4th Quick Index under topic Usury.
[2] Am Jur 2d, Mortgages §§ 1 *et seq.*
    Validity and effect of "wraparound" mortgages whereby purchaser incorporates into agreed payments to grantor's obligation on initial mortgage. 36 ALR4th 144.
[3, 5] Am Jur 2d, New Topic Service, Consumer and Borrower Protection §§ 4 *et seq.*
    Civil remedies of consumer for violation of Truth in Lending Act (15 USCS §§ 1601-1644, 1661-1665). 11 ALR Fed 15.
[4, 9] Am Jur 2d, Summary Judgment §§ 12 *et seq.*
    Right to voluntary dismissal of civil action as affected by opponent's motion for summary judgment, judgment on the pleadings, or directed verdict. 36 ALR3d, 1113.
[5] Time limitations under 15 USCS § 1640(e) on Truth in Lending suits. 36 ALR Fed 657.
[6] Am Jur 2d, Limitation of Actions §§ 217 *et seq.*
    Amendment of pleading to add, substitute or change capacity of, party plaintiff as relating back to date of original pleading, under Rule 15(c)of Federal Rules of Civil Procedure, so as to avoid bar of limitations. 12 ALR Fed 233.
[8, 9] Am Jur 2d, New Topic Service, Consumer and Borrower Protection §§ 205 *et seq.*
    Practices forbidden by state deceptive trade practice and consumer protection acts. 89 ALR3d 449.

Servicing Co. and Dollar Watchers, Inc., brought a motion for summary judgment which the trial court, Harry B. McAra, J., granted, thereby dismissing the action as to those two defendants. Plaintiff appeals from that order. *Held:*

1. The plaintiff sufficiently pled a cause of action based on the federal Truth in Lending Act against Troy Mortgage.

2. Since Troy Mortgage and Dollar Watchers did not file affidavits with their motion for summary judgment the Court of Appeals considered the motion as one brought under GCR 1963, 117.2(1) and noted that the trial court should have limited its discretion to determining whether plaintiff had sufficiently pled a cause of action.

3. Plaintiff sufficiently alleged a continuing business relationship between Mutual Mortgage, the original creditor, and Troy Mortgage and Dollar Watchers and defendants Troy Mortgage and Dollar Watchers never denied being assignees of the mortgage. Defendants Troy Mortgage and Dollar Watchers had the burden of showing by a preponderance of the evidence that they did not have reasonable grounds to believe that Salem and Mutual engaged in violations of the federal Truth in Lending Act and that they maintained procedures reasonable adapted to apprise them of the existence of any such violations. The question of knowledge of such violations presents a genuine dispute as to a material fact and, therefore, the trial court clearly erred in granting summary judgment in favor of Troy Mortgage on plaintiff's claim based on the Truth in Lending Act.

4. The period of limitation as to Dollar Watchers has run and plaintiff's relation-back argument is without merit. Therefore, summary judgment was properly granted in favor of Dollar Watchers on plaintiff's truth in lending claim.

5. The trial court properly granted summary judgment against plaintiff on her claim that she was entitled to recover the interest paid on the loan because it was set at an usurious rate.

6. Plaintiff has sufficiently pled a cause of action based on the Michigan Consumer Protection Act against both Troy Mortgage and Dollar Watchers. The trial court erred in granting summary judgment in favor of Troy Mortgage and Dollar Watchers on plaintiff's claims brought under the Michigan Consumer Protection Act.

Reversed in part and affirmed in part and remanded.

1. INTEREST — USURY.

A domestic or foreign corporation, whether or not formed at the

request of a lender, may by agreement in writing, and not otherwise, agree to pay a rate of interest in excess of the legal rate and in such case the defense of usury is prohibited (MCL 450.1275; MSA 21.200[275]).

2. MORTGAGES — WRAPAROUND MORTGAGES.

A wraparound mortgage is a junior mortgage which secures a promissory note with a face amount equal to the sum of the principal balance of an existing mortgage note plus any additional funds advanced by the wraparound lender.

3. ACTION — TRUTH IN LENDING ACT — PARTIES TO ACTION — UNITED STATES CODE.

An action alledging a violation of the federal Truth in Lending Act which occurred before October 1, 1982, which may be brought against the original creditor in any credit transaction involving a security interest in real property may be maintained against any subsequent assignee of the original creditor where the assignee, its subsidiaries, or affiliates were in a continuing business relationship with the original creditor either at the time the credit was extended or at the time of the assignment, unless the assignment was involuntary, or the assignee shows by a preponderance of the evidence that it did not have reasonable grounds to believe that the original creditor was engaged in violations of the act, and that it maintained procedures reasonably adapted to apprise it of the existence of any such violations (15 USC 1640[d]).

4. MOTIONS AND ORDERS — SUMMARY JUDGMENT — FAILURE TO STATE CLAIM — APPEAL — COURT RULES.

A trial court errs in granting a summary judgment based on a failure to state a claim upon which relief may be granted where a genuine dispute exists as to a material fact (GCR 1963, 117.2[1]).

5. LIMITATION OF ACTIONS — TRUTH IN LENDING ACT — CIVIL ACTIONS — UNITED STATES CODE.

A one-year period of limitation from the date of the occurrence of an alleged violation of the federal Truth in Lending Act applies to an action for civil liability brought under the act (15 USC 1640[e]).

6. LIMITATION OF ACTIONS — AMENDMENT OF COMPLAINTS — ADDED PARTIES.

The amendment of a complaint generally does not relate back to the original filing date of the complaint for purposes of adding a new party defendant when the period of limitation has expired as to that defendant.

7. INTEREST — DEFENSES — USURY.

Usury is in the nature of a defense; therefore, a plaintiff cannot maintain an independent action based on the claim of usury to recover the interest he paid on a loan.

8. CONSUMER PROTECTION — CONSUMER PROTECTION ACT.

The Michigan Consumer Protection Act defines unfair, unconscionable or deceptive methods, acts or practices in the conduct of trade or commerce which are deemed to be unlawful (MCL 445.903; MSA 19.418[3]).

9. MOTIONS AND ORDERS — SUMMARY JUDGMENT — FAILURE TO STATE CLAIM — CONSUMER PROTECTION ACT — COURT RULES.

A plaintiff's claim brought under the Michigan Consumer Protection Act against several defendants is sufficient to overcome a motion for summary judgment by two of the defendants based upon the failure to state a claim upon which relief may be granted where the plaintiff's pleadings sufficiently allege conduct on the part of two of the nonmoving defendants which, if proven, would be in violation of the act and also allege a sufficient connection between the two moving defendants and the nonmoving defendants (MCL 445.901 *et seq.;* MSA 19.418[1] *et seq.;* GCR 1963, 117.2[1]).

*Brian I. Brown,* for plaintiff.

*Treinen, Bunting & Porritt, P.C.* (by *James R. Porritt, Jr.),* for Troy Mortgage Servicing Co., and Dollar Watchers, Inc.

Before: DANHOF, C.J., and T. M. BURNS and BEASLEY, JJ.

T. M. BURNS, J. Plaintiff, Kay C. Rutter, appeals as of right from the circuit court's order granting summary judgment to defendants Troy Mortgage Servicing Co. (Troy) and Dollar Watchers, Inc. (Dollar Watchers), pursuant to GCR 1963, 117.2. A final judgment was entered as to those defendants in accordance with GCR 1963, 518.2.

In the Fall of 1980, plaintiff, Kay Rutter, responded to a television advertisement for defendant Salem Mortgage Company (Salem). Mrs. Rut-

ter was unemployed, had missed two or three mortgage payments, owed on various bills, and needed a car, so she indicated that she wanted to borrow some money. After several telephone conversations with individuals who apparently represented Salem, Mrs. Rutter was told that a loan could be arranged.

Salem sent a representative to plaintiff's home with application materials. On January 14, 1981, plaintiff went to Salem's office in Southfield to complete the loan. Plaintiff was actually dealing with Mutual Mortgage Company (Mutual). An assistant secretary employed by Salem Mortgage is the president of Mutual Mortgage. To receive the loan, Mutual Mortgage insisted that plaintiff incorporate since the interest on the loan was beyond the legal limit that a person could be charge.[1] Mutual provided the services of Goldwyn Robinson, an attorney employed by Salem who was also an officer of Mutual Mortgage, to form the corporation. Mr. Robinson received $90 for forming the corporation and $5,000 for arranging the loan. According to Mr. Robinson, this money went to Salem and he only received his regular salary.

Although plaintiff believed that she was dealing with Salem, the mortgage note and mortgage papers signed by plaintiff indicated that she was dealing with Mutual. The mortgage which plaintiff signed is commonly known as a "wraparound mortgage".[2] The mortgage and mortgage note pro-

---

[1] MCL 450.1275; MSA 21.200(275) provides:

"A domestic or foreign corporation, whether or not formed at the request of a lender, may by agreement in writing, and not otherwise, agree to pay a rate of interest in excess of the legal rate and in such case the defense of usury is prohibited."

[2] A wraparound mortgage is a junior mortgage which secures a promissory note with a face amount equal to the sum of the principal balance of an existing mortgage note plus any additional funds advanced by the wraparound lender. Wraparound mortgages may be

vided that "Kay C. Rutter Company" agreed to repay Mutual $21,000 at 17% interest. The following amounts were withheld from the loan: $9,623.94 for payments on plaintiff's original mortgage with Bronx Citizens Bank; $5,000 for payment of the brokerage fee; $421.85 for taxes and insurance; $260 for closing costs; and $118.92 for prepaid interest. Plaintiff was left with $5,997.14 in cash. She was given a disclosure statement indicating the amount of miscellaneous closing costs, the interest rate, finance charges and the total amount of payments.

Originally Mrs. Rutter was instructed to pay Mutual, but soon after the loan deal was closed she was told to make payments to defendant Troy Mortgage, an assignee of Mutual. Sometime later, the mortgage was assigned to Dollar Watchers and that company was added as a defendant in this action on October 28, 1983. As of February 25, 1983, the mortgage has been completely satisfied.

Plaintiff brought this action on behalf of a class of similarly situated persons. Her claims were based upon the federal Consumer Credit Protec-

used in several forms, depending upon the status of the lender and the borrower in relationship to the property encumbered. Typically, however, wraparounds are either purchase-money mortgages, where the wraparound lender is either the real estate seller or a third party, or refinancing or non-purchase-money mortgages, where the lender is either the same lender that holds the first mortgage or a third party. See, Comment, *The Wrap-Around Deed of Trust: An Answer to the Allegation of Usury*. 10 Pac LJ 923 (1979), for a discussion of various types of wraparound mortgages.

*Mitchell v Trustees of United States Mutual Real Estate Investment Trust,* 144 Mich App 802; 375 NW2d 424 (1985).

As in *Mitchell,* this case involves a third party, non-purchase-money type of wraparound transaction.

"In such transactions, the borrower's payment under the second, wraparound note covers the debt service on both the first indebtedness and the additional loan advance. While not assuming the original mortgage note obligation, the wraparound lender undertakes to make the payments on the original, 'wrapped' mortgage note as it receives wraparound payments from the borrower." *Mitchell, supra,* p 309.

tion Act and Truth in Lending Act, 15 USC 1601 *et seq.,* and Truth in Lending Regulations (Regulation Z), 15 USC 1700 *et seq.;* 12 CFR 226.1 *et seq.;* the Michigan Consumer Protection Act, MCL 445.901 *et seq.;* MSA 19.418(1) *et seq.,* and usury prohibitions of state law, MCL 438.31; MSA 19.15(1). She demanded that the action be allowed to proceed as a class action, that she be awarded twice the finance charge or $1,000 plus reasonable attorney fees, pursuant to 15 USC 1640(a), that defendants be directed to return the attorney fee and interest for each plaintiff plus reasonable attorney fees, pursuant to MCL 445.911; MSA 19.418(11), that defendants be directed to refund interest, exessive fees and attorney fees charged, pursuant to MCL 438.31; MSA 19.15(1), that defendants be directed to bear the cost of notice to the class members, pursuant to MCL 445.911; MSA 19.418(11), that the court declare defendants' practices to be unlawful and enjoin those practices, and that exemplary damages be awarded, pursuant to GCR 1963, 111.1(3).

We find that plaintiff sufficiently pled a cause of action based on the federal Truth in Lending Act against Troy Mortgage. Since the alleged violation of the Truth in Lending Act occurred before October 1, 1982, the applicable statute is 15 USC 1640(d). *Marcano v Northwestern Chrysler-Plymouth Sales, Inc,* 550 F Supp 595, 599, fn 3 (ND ILL, 1982). That statute reads:

"Any action which may be brought under this section against the original creditor in any credit transaction involving a security interest in real property may be maintained against any subsequent assignee of the original creditor where the assignee, its subsidiaries, or affiliates were in a continuing business relationship with the original creditor either at the time the credit was extended or at the time of the assignment, unless

the assignment was involuntary, or the asignee shows by a preponderance of evidence that it did not have reasonable grounds to believe that the original creditor was engaged in violations of this part, and that it maintained procedures reasonably adapted to apprise it of the existence of any such violations."

Since defendants did not file affidavits with their motion for summary judgment, we decline to consider the motion under then GCR 1963, 117.2(3) and consider it as brought under GCR 1963, 117.2(1). *Peck v Auto-Owners Ins Co.* 112 Mich App 329, 335-336; 315 NW2d 586 (1982). Pursuant to GCR 1963, 117.2(1) the trial court should have limited its discretion to determinging whether plaintiff had sufficiently pled a cause of action. Plaintiff sufficiently alleged a continuing business relationship and defendants never denied being assignees. Plaintiff averred in the original complaint against defendants Mutual Mortgage and Troy that "defendant Mutual Mortgage also acted as an agent for Troy Mortgage Company* * *" and that it assigned the mortgage to Troy. With respect to Dollar Watchers, plaintiff averred that the mortgage was assigned to them and that they had knowledge of the defenses raised by plaintiff. There was further an averment that other similar contracts had been entered into under similar circumstances.

We find, pursuant to 15 USC 1640(d), that this suffices to allege a continuing business relationship. Defendants, therefore, have the burden of showing by a preponderance of the evidence that they did not have reasonable grounds to believe that Salem and Mutual engaged in violations of the federal Truth in Lending Act and that they maintained procedures reasonably adapted to apprise them of the existence of any such violations. Although defendants claimed as an affirmative

defense that they had no knowledge of any violations, this is not enough to make plaintiff's pleadings subject to summary judgment. The questions of knowledge presents a genuine dispute as to a material fact. The trial court therefore clearly erred in granting summary judgment in favor of Troy Mortgage on plaintiff's claim based on the Truth in Lending Act. While Dollar Watchers, Inc., may also be in a continuing business relationship with Mutual Mortgage, for the reasons already stated and the fact that the president of Dollar Watchers is also an officer of Troy Mortgage, we find that the period of limitation has run against Dollar Watchers. 15 USC 1640(e). Plaintiff's relation-back argument is without merit. *Browder v International Fidelity Ins Co,* 98 Mich App 358, 361; 296 NW2d 60 (1980).

Summary judgment was, therefore, properly granted in favor of Dollar Watchers, Inc., on plaintiff's truth in lending claim.

We also find that the trial court properly granted summary judgment against plaintiff on her claim that she was entitled to recover the interest paid on the loan because it was set at an usurious rate. Usury is in the nature of a defense and, therefore, plaintiff cannot maintain an independent action based on the claim of usury to recover the interest she paid on the loan. *Michigan Mobile Homeowners Ass'n v Bank of the Commonwealth,* 56 Mich App 206, 216; 223 NW2d 725 (1974), *lv den* 393 Mich 809 (1975).

Finally, we find that plaintiff has sufficiently pled a cause of action based on the Michigan Consumer Protection Act, MCL 445.901 *et seq.;* MSA 19.418(1) *et seq.,* against both Troy Mortgage and Dollar Watchers. The Michigan Consumer Protection Act defines unfair, unconscionable, or deceptive methods, acts, or practices in the con-

duct of trade or commerce which are deemed to be unlawful. MCL 445.903; MSA 19.418(3); *Allan v M &S Mortgage Co,* 138 Mich App 28, 43; 359 NW2d 238 (1984). Plaintiff's pleadings sufficiently allege conduct on the part of Salem and Mutual which, if proven, would be in violation of the Michigan Consumer Protection Act. *Allan, supra,* pp 43-44. We believe that plaintiff's pleadings also allege a sufficient connection between appellees, Troy Mortgage and Dollar Watchers, and Salem and Mutual Mortgage.[3] *Allan, supra,* p 43. The trial court, therefore, erred in granting summary judgment in favor of appellees on plaintiff's claims brought under the Michigan Consumer Protection Act.

Reversed in part and affirmed in part and remanded for proceedings consistent with this opinion. No costs are awarded as no party has prevailed in full.

---

[3] We note that appellees argue that they are holders in due course. MCL 440.3302; MSA 19.3302. If defendants had knowledge of a defense or claim on the instrument, holder-in-due-course status is defeated and they are subject to all defenses and claims, even those of which they had no knowledge. *Bird Finance Corp v Lamerson,* 303 Mich 422, 443; 6 NW2d 732 (1942). Since there is a material factual issue as to whether appellees accepted the assignments with knowledge of the alleged violations of the Truth in Lending Act and the Michigan Consumer Protection Act, the order granting summary judgment cannot be affirmed on this basis.