JAMES M. NICHOLS v. ORSON A. SOBER.

*Bona fide holding  of  paper  transferred  in  fraud  of  one's partner.*

A transferee of paper given to an individual partner for partnership property, and transferred by him in satisfaction of his individual debt and in fraud of the other partner's rights, cannot be deprived of his right as *bona fide* holder except on evidence of his participation in the fraud or other misconduct of the partner who transferred to him.

Error to Washtenaw.    Submitted April 11.    Decided April 16.

ASSUMPSIT.    Defendant brings error.

*Albert Crane* for plaintiff in error.    The transferee of a note for value before maturity must be shown to have obtained it in bad faith, to defeat his recovery thereon, *Murray v. Lardner,* 2 Wall., 110;  *Miller v. Finley,* 26 Mich., 249;  *Hotchkiss v. Nat. Bank,* 21 Wall., 354;  *Comstock v. Hannah,* 76 Ill., 531;  *Howry v. Eppinger,* 34 Mich., 29;  *Johnson v. Way,* 27 Ohio St., 374:  4 Amer. L. T. Rep., 58;  *Goodman v. Harvey,* 4 Ad. & El., 870;  *Smith v. Livingston,* 111 Mass., 345.

*Joslin & Whitman* for defendant in error. The equities of the holder of negotiable paper are to be determined by the tests of honesty and good faith, *Raphael v. Governor*, 17 C. B., 161; *Belmont Branch etc. v. Hoge,* 35 N. Y., 68; *Phelan v. Moss*, 67 Penn. St., 59; *Gould v. Stevens*, 43 Vt., 125; *Wheeler v. Guild*, 20 Pick., 553; Benj. Sales, § 15, n. *u*; 1 Pars. Cont., 251–2, n. *y*; the holder of negotiable paper, fraudulently transferred to him, cannot have as good a title in law or equity as the true owner, unless he received it not only without notice, but in the course of business and for a fair and valuable consideration given or allowed for that paper, *Bay v. Coddington*, 5 Johns. Ch., 54; where there are facts to put a purchaser on inquiry, he cannot be considered a *bona fide* holder, *Baker v. Bliss*, 39 N. Y., 70; *Birdsall v. Russell*, 29 N. Y., 250; *Anderson v. Nicholas*, 28 N. Y., 600; *Williamson v. Brown*, 15 N. Y., 364; *Cone v. Baldwin*, 12 Pick., 545; *Hosley v. Holmes*, 27 Mich., 416; *Greneaux v. Wheeler*, 6 Tex., 515; *Hall v. Hale*, 8 Conn., 336; *Roth v. Colvin*, 32 Vt., 125; *Merriam v. Granite Bank*, 8 Gray, 259; *Safford v. Wyckoff*, 4 Hill, 442; *Ely v. Norton,* 2 Abb., 19: 3 Keyes, 397; *Mining etc. v. Windham*, 44 Vt., 495; *Avery v. Johann*, 27 Wis., 250; *Green v. Early*, 39 Md., 223; *Taylor v. Baker*, 5 Price, 306; *Huff v. Wagner,* 63 Barb., 215; *Harger v. Wilson*, 63 Barb., 237.

GRAVES, J.  Sober sued on the common counts and added another framed as special; but this however was no more in effect than the count for money had and received, and in view of the state of facts he adduced, his right of action if any was maintainable only under that branch of his declaration claiming for money had and received.

He gave evidence tending to show that himself and one Orlin A. Peck owned as partners a quantity of whiskey in Peck's hands at Chicago, where the latter resided, and that Peck about October 19, 1872, sold the

whiskey in accordance with a previous understanding between them; that the sale was on four months' time to one Davis, who made his promissory note for $400 payable to Peck individually or to his order at the end of such credit, and that .Peck at once endorsed the note over to Nichols who in turn negotiated it to the bank at Ypsilanti for $390.

The evidence on the part of the defendant tended to show that the bank at Ypsilanti held two notes past due and made by Peck and endorsed by Nichols, and amounting to more than the note in question and that Peck delivered this latter note to Nichols at Chicago, at or about its date with instructions to have it applied on his notes so held by the bank; that Nichols took the note to the bank pursuant to this instruction, where it was applied as far as it would go in the way directed by Peck; that to accomplish the purpose he, Nichols, gave his own note for the balance against Peck and took up Peck's note, and that he had no knowledge or notice until afterwards that Sober had or claimed any interest in the note so sent by Peck.

It was made a question whether Nichols acquired the note in good faith, and whether he did or not was supposed to depend upon the sufficiency of the facts to connect him with Peck's disposal of it for his own debt in fraud of the rights claimed by Sober as Peck's partner.

If his acquisition of the note was in good faith it was virtually conceded that Sober ought not to recover. The judge charged on this as follows: "Upon this subject I have to state that if the defendant at the time he acquired the note had reason to believe and did believe or had notice or information that it was given for the whiskey which belonged to the plaintiff, then the plaintiff can recover. A mere naked suspicion on his part as to the consideration upon which the note had been given would not be enough: but if he had notice or knowledge of such facts or circumstances tending to show

that it was given for the whiskey, and that it belonged to the plaintiff, as would put a prudent and reasonable man upon inquiry, it would be enough to charge him with the truth, whatever it was."

The jury found for the plaintiff.

It appears to the court that the circuit judge misapprehended recognized distinctions in giving this rule to the jury as the proper one to govern in regard to transfers of commercial paper. It might be appropriate upon the question of good faith in the purchase of chattels, but it is not necessary now to say whether it would be or not.

The law has always been solicitous to exclude any rules calculated to hinder the free circulation of mercantile paper having legitimate inception as in this case, and it is settled in this State that a transferee cannot be deprived of his right as a *bona fide* holder in this class of cases except upon evidence sufficient to show his participation in the fraud, or equivalent misconduct of the party who transfers to him. *Miller v. Finley,* 26 Mich., 249; *Tupper v. Kilduff,* id., 394; *Borden v. Clark,* id., 410; *Carrier v. Cameron,* 31 Mich., 373; *Murray v. Lardner,* 2 Wall., 110; *Cromwell v. County of Sac,* 96 U. S., 51.

The rule laid down required the jury to affect Nichols with the fraudulent misappropriation of the note ascribed to Peck in case they should find that he, Nichols, had notice of circumstances which in their opinion tended to show the note was given for the whiskey. The error is plain. But there is a further difficulty.

All the evidence given on this branch appears to have been returned, and we are of opinion there is none fairly tending to prove that Nichols knew when he received the note at Chicago or when he made use of it at the bank that the note was taken for the whiskey.

The judgment must be reversed with costs and a new trial ordered.

The other Justices concurred.