PAUL v U S MUTUAL FINANCIAL CORPORATION

Docket No. 85024. Submitted December 10, 1985, at Lansing.—Decided April 9, 1986.

Plaintiffs, Robert E. Paul and Karen B. Paul, purchased a business consisting of a party store and gasoline filling station from Douglas and Arlene Sindlinger on April 1, 1979. The sale was evidenced by: (1) a land contract secured by the real estate on which the business was located and carrying an interest rate of 10% per annum; (2) a promissory note with a 10% per annum interest rate given in exchange for the good will of the business as a going concern, the liquor license, furniture, fixtures, equipment and other property; and (3) a security agreement contained in the promissory note covering all equipment, fixtures and inventory of the business. The documents provided that default on either the land contract or promissory note would be deemed a default on the other document. The 10% interest rates were subject to readjustment after October 6, 1982. On April 22, 1981, the Sindlingers sold and assigned the three documents to United States Mutual Real Estate Investment Trust. The Sindlingers were required to sign a guaranty agreement in April, 1981. This assignee and the plaintiffs amended the promissory note in June, 1983, and specified that the interest rates should not be readjusted for any reason. United States Mutual Real Estate Investment Trust assigned its interest in the three documents to defendant, U.S. Mutual Financial Corporation, on July 29, 1983. On December 12, 1983, plaintiffs filed a complaint for declaratory relief against the defendant in the Washtenaw Circuit Court alleging that defendant was barred from recovering interest and costs on the promissory note pursuant to MCL 438.32 because the note's 10% per annum interest rate on the unpaid balance exceeded the lawful

REFERENCES

Am Jur 2d, Contracts §§ 164, 192, 479-481.

Am Jur 2d, Interest and Usury §§ 166-187, 238-254.

Am Jur 2d, Summary Judgment §§ 12 et seq.

Usury in connection with loan calling for variable interest rate. 18 ALR4th 1068.

Provision for interest after maturity at a rate in excess of legal rate as usurious or otherwise illegal. 28 ALR3d 449.

rate of 7% per annum. Plaintiffs also asserted that defendant refused to accept tender of plaintiffs' monthly payment on December 1, 1983, at the 7% interest rate, and refused to accept a monthly payment made on the related land contract. A preliminary injunction was granted on May 30, 1984. The injunction ordered that defendant accept plaintiffs' payment, that all interest on the promissory note be paid into escrow pending resolution of these proceedings, and that defendant be barred from forfeiting or foreclosing on the land contract. Both parties then moved for a summary judgment. On April 30, 1985, the trial court, Henry T. Conlin, J., granted summary judgment in favor of defendant based upon a lack of usurious intent in the original transaction and upon defendant's holder in due course status. Neither of these issues were specifically raised by the parties. Plaintiffs appeal. *Held:*

1. The facts and circumstances surrounding the original transaction were not disclosed in the pleadings or documentary evidence, therefore, the trial court's determination had no basis in the record. The court must look beyond form to characterize the real nature of the transaction in order to determine whether the transaction falls within the usury statute.

2. Where, as here, the instrument is patently in violation of the usury statute, there is no need to determine a usurious intent. The intent of the parties is totally irrelevant where the instrument is usurious on its face. The interest rate of 10% per annum on the promissory note signed in conjunction with the sale of a business is patently usurious under MCL 438.31, unless an exception applies.

3. If plaintiffs were, in fact, furthering their joint business interests through the purchase of the party store, then they should be treated as a business entity within MCL 438.61, the business entity exception. Further factual development is necessary to resolve this issue.

4. The real estate exception, MCL 438.31c(11), does not apply to the promissory note as a matter of law.

5. The equitable defense of unclean hands is not available in a case such as this where plaintiffs have not brought an equitable action to set the usurious obligation aside but have brought a declaratory action for determination of their legal rights pursuant to MCL 438.32.

6. Defendant's holder in due course status was a question of disputed fact so as to preclude its determination in a summary disposition procedure.

Reversed and remanded for further proceedings.

1. JUDGMENTS — SUMMARY JUDGMENT — ISSUE OF MATERIAL FACT — COURT RULES.

Summary judgment motions based on the ground that no genuine issue of material fact exists test whether there is factual support for a claim and should not be granted when there is an issue of material fact; the trial court must consider the affidavits, pleadings, depositions, admissions and documentary evidence and must avoid substituting a trial by affidavit and deposition for a trial by jury; the trial court is not allowed to make findings of fact or to weigh the credibility of affiants or deponents (GCR 1963, 117.2[3], 117.3; MCR 2.116[G][5]).

2. JUDGMENTS — SUMMARY JUDGMENT — ISSUE OF MATERIAL FACT — COURT RULES.

The party opposing a summary judgment motion based on the ground that there is no genuine issue of material fact is not obligated to make a showing by affidavits, however, there must be some showing by opposing affidavits, testimony, depositions, admissions or documentary evidence that a genuine issue of fact exists; the test is whether the kind of record which may be developed, giving the benefit of any reasonable doubt to the opposing party, will leave an issue upon which reasonable minds may differ; the courts are liberal in finding that a genuine issue of fact exists (GCR 1963, 117.2[3], 117.3; MCR 2.116[G][5]).

3. CONTRACTS — USURY.

The usury act sets forth a 7% per annum ceiling on interest rates; exceptions to this rule are set forth in the act (MCL 438.31, 438.31c, 438.61; MSA 19.15[1], 19.15[1c], 19.15[71]).

4. CONTRACTS — USURY.

The usury act provides that the lender or seller shall forfeit any interest, costs or fees if the act is violated and, in such event, that the borrower or buyer is entitled to recover attorney fees and court costs from the seller, lender or assigns (MCL 438.32; MSA 19.15[2]).

5. CONTRACTS — USURY.

A court must look beyond form to characterize the real nature of a transaction in order to determine whether the transaction falls within the usury statute (MCL 438.31; MSA 19.15[1]).

6. CONTRACTS — USURY — INTENT.

The intent of the parties is totally irrelevant where an instrument is usurious on its face; there is no need to determine usurious intent where the instrument is patently in violation of

the usury statute; usurious intent need only be ascertained when it is not clear from the face of the instrument whether the usury statute is applicable (MCL 438.31 *et seq.;* MSA 19.15[1] *et seq.).*

7. CONTRACTS — USURY — BUSINESS ENTITY EXCEPTION.
    The usury act provides a "business entity" exception in regard to the rate of interest which may be charged a business entity (MCL 438.61; MSA 19.15[71]).

8. CONTRACTS — USURY — DEFENSES.
    Usury is a defense which is enforceable through the penal provisions of MCL 438.32; as a statutory defense, it is not a vested right and the holder of the right may be deprived of the right by legislative action; as a statutory penalty, it is ineffective if removed before judgment (MCL 438.32; MSA 19.15[2]).

9. CONTRACTS — PRIMARY SECURITY.
    Primary security is that security which the creditor would sell first and to which he would look for the greatest yield on the indebtedness due; primary security is not necessarily tied to a certain percentage of the indebtedness.

10. CONTRACTS — USURY — DEFENSES — EQUITY — UNCLEAN HANDS.
    The equitable defense of unclean hands is not available to a defendant where the plaintiff has not brought an equitable action to set aside an alleged usurious obligation but has brought a declaratory action for a determination of legal rights pursuant to a statute regarding excess interest (MCL 438.32; MSA 19.15[2]).

11. CONTRACTS — USURY — DEFENSES — HOLDER IN DUE COURSE.
    A holder in due course takes a note free from any usury defense if he takes the note in good faith, for valuable consideration and without actual notice of the usurious taint; a note which is usurious on its face gives actual notice of the usury defense thereby precluding a holder in due course status; a finding of good faith is precluded by a party's failure to make appropriate inquiries where something appears on the face of the instrument or a fact is communicated such that the party could not honestly purchase without inquiry (MCL 438.5; MSA 19.3).

*Hendley & Datsko, P.C.* (by *James R. Datsko),* for plaintiffs.

*Bodman, Longley & Dahling* (by *David W. Hipp),* for defendant.

Before: D. E. HOLBROOK, JR., P.J., and T. M. BURNS and HOOD., JJ.

PER CURIAM. Plaintiffs appeal as of right from an order of the trial court granting summary judgment in favor of defendant on the basis that plaintiffs were not entitled to assert the defense of usury on a promissory note. We reverse.

This case had its genesis on April 1, 1979, when plaintiffs purchased a business known as "Doug's Party Store" from Douglas and Arlene Sindlinger. This business was located in Manchester, Michigan, and consisted of a party store and gasoline filling station. The sale was evidence by: (1) a land contract secured by the real estate on which the business was located and carrying an interest rate of 10% per annum; (2) a promissory note with a 10% per annum interest rate given in exchange for the good will of the business as a going concern, the liquor license, furniture, fixtures, equipment and other property; and (3) a security agreement contained in the promissory note covering all equipment, fixtures and inventory of the business. The documents provided that default on either the land contract or promissory note would be deemed a default on the other document. The 10% interest rates were subject to readjustment after October 6, 1982.

On April 22, 1981, the Sindlingers sold and assigned the three documents to United States Mutual Real Estate Investment Trust. The Sindlingers were required to sign a guaranty agreement in April, 1981. This assignee and plaintiffs amended the promissory note in June, 1983, and specified that the interest rates should not be readjusted for any reason. United States Mutual Real Estate Investment Trust assigned its interest

in the three documents to defendant, U.S. Mutual Financial Corporation, on July 29, 1983.

On December 12, 1983, plaintiffs filed a complaint for declaratory relief against defendant alleging that defendant was barred from recovering interest and costs on the promissory note pursuant to MCL 438.32; MSA 19.15(2), because the note's 10% per annum interest rate on the unpaid balance exceeded the lawful rate of 7% per annum. The complaint also asserted that defendant refused to accept tender of plaintiffs' monthly payment on December 1, 1983, at the 7% interest rate, and refused to accept the monthly payment made on the related land contract. A motion for a preliminary injunction was filed the same day, requesting that the court order defendant to accept plaintiffs' payment, that all interest on the promissory note be paid into escrow pending resolution of these proceedings, and that defendant be barred from forfeiting or foreclosing on the land contract. The preliminary injunction was granted on May 30, 1984.

On May 14, 1984, plaintiffs filed a motion for summary judgment, asserting that there was no genuine issue of material fact and that they were entitled to relief as a matter of law pursuant to GCR 1963, 117.2(3), presently MCR 2.116(C)(10). On May 22, 1984, defendant moved for summary judgment in its favor asserting that the rate on the promissory note was not usurious because the "business entity" and real estate exceptions applied to the note and that plaintiffs failed to do equity by tendering payment of all principal plus 5% interest.

On April 30, 1985, the trial court granted summary judgment in favor of defendant based upon a lack of usurious intent in the original transaction and upon defendant's holder in due course status

(hereafter "HIDC"). Neither of these issues were specifically raised by the parties.

## I

The first issue we address is whether the plaintiffs are entitled to a judgment as a matter of law because the promissory note was usurious when entered into in 1979.

The trial court granted summary judgment under GCR 1963, 117.2(3) on the basis that no genuine issue of material fact exists. Motions under this court rule test whether there is factual support for a claim and should not be granted when there is an issue of material fact. *Soderberg v Detroit Bank & Trust Co,* 126 Mich App 474, 479; 337 NW2d 264 (1983), *lv den* 419 Mich 867 (1984).

The trial court must consider the affidavits, pleadings, depositions, admissions and documentary evidence. GCR 1963, 117.3, now MCR 2.116(G)(5). Unlike the moving party, the opposing party is not obligated to make a showing by affidavits. However, there must be some showing by opposing affidavits, testimony, depositions, admissions or documentary evidence that a genuine issue of fact exists. *Rizzo v Kretschmer,* 389 Mich 363, 373-374; 207 NW2d 316 (1973). The test is whether the kind of record which may be developed, giving the benefit of any reasonable doubt to the opposing party, will leave an issue upon which reasonable minds may differ. The courts are liberal in finding that a genuine issue of fact exists. *Rizzo, supra,* p 372. However, the trial court must avoid substituting a trial by affidavit and deposition for a trial by jury. A court is not allowed to make findings of fact or to weigh the credibility of affiants or deponents. *Durant v Stahlin,* 375 Mich 628; 135 NW2d 392 (1965).

The plaintiffs herein contend that the promissory note is in violation of MCL 438.31; MSA 19.15(1), which sets forth a 7% per annum ceiling on interest rates. Exceptions to this rule are set forth in the act. See *e.g.,* MCL 438.31c; MSA 19.15(1c), MCL 438.61; MSA 19.15(71). MCL 438.32; MSA 19.15(2) provides that the lender or seller shall forfeit any interest, costs or fees if the act is violated and that the borrower or buyer is entitled to recover attorney fees and court costs from the seller, lender or assigns.

The instant trial court relied in part on *Wilcox v Moore,* 354 Mich 499; 93 NW2d 288 (1958), and *Dombooorajian v Woodruff,* 239 Mich 1; 214 NW 113 (1927), in concluding that the promissory note was not usurious because the facts did not reveal that the original transaction between the plaintiffs and the Sindlingers was unfair and overreaching or that the Sindlingers had a usurious intent. The trial court's reliance on these decisions was misplaced.

First, the facts and circumstances surrounding the original transaction were not disclosed in the pleadings or documentary evidence. Therefore, the trial court's determination had no basis in the record.

Second, *Wilcox* does not stand for the proposition that a court must ascertain whether the agreed-upon interest was fair because there was no overreaching by the lender. Rather, the actual holding of *Wilcox* was that the court must look beyond form to characterize the real nature of the transaction in order to determine whether the transaction falls within the usury statute. MCL 438.31; MSA 19.15(1). See *Farley v Fischer,* 137 Mich App 668; 358 NW2d 34 (1984); *Heberling v Palmer's Mobile Feed Service, Inc,* 119 Mich App

150; 326 NW2d 404 (1982), *lv den* 417 Mich 995 (1983).

Similarly, usurious intent need only be ascertained when it is not clear from the face of the instrument whether the usury statue is applicable. See *Domboorajian v Woodruff, supra; Ferguson v Grand Rapids Land Contract Co,* 242 Mich 314; 218 NW 685 (1928). Where, as here, the instrument is patently in violation of the usury statute, there is no need to determine a usurious intent. Indeed, it appears that the intent of the parties is totally irrelevant where the instrument is usurious on its face. *Union Trust Co v Radford,* 176 Mich 50; 141 NW 1091 (1913); *Houghteling v Gogebic Lumber Co,* 165 Mich 498; 131 NW 109 (1911).

In the case at bar, it is undisputed that a promissory note with a 10% interest rate per annum was signed in conjunction with the sale of a business. Aside from the fairness of the original transaction between the plaintiffs and the Sindlingers, the interest rate is patently usurious under MCL 438.31; MSA 19.15(1) unless an exception applies. Whether an exception applies is determined by looking beyond form to characterize the real nature of the original transaction. *Wilcox, supra.* Defendant asserts the applicability of two statutory exceptions and one equitable defense.

## A

### IS THE "BUSINESS ENTITY" EXCEPTION APPLICABLE?

Defendant argues that the "business entity" exception of MCL 438.61; MSA 19.15(71) should apply. The statute provides in pertinent part:

"(1) As used in this act 'business entity' means: (a) A corporation, trust, estate, partnership, cooperative, or association; or (b) A natural person who furnishes to

the extender of the credit a sworn statement in writing specifying the type of business and business purpose for which the proceeds of the loan or other extension of credit will be used, but the exemption provided by this act does not apply if the extender of credit has notice that the person signing the sworn statement was not engaged in the business indicated."

"(3) Notwithstanding the provisions of Act No. 326 of the Public Acts of 1966, it is lawful in connection with an extension of credit to a business entity by any person other than a state or nationally chartered bank, insurance carrier, or finance subsidiary of a manufacturing corporation for the parties to agree in writing to any rate of interest not exceeding 15% per year."

Defendant's first basis for contending that this exception is applicable is that plaintiffs constitute a partnership because they jointly acquired and operated a business as co-owners for profit. MCL 449.6; MSA 20.6. Defendant contends that the receipt of profits or losses is prima facie evidence of a partnership. MCL 449.7(4); MSA 20.7(4). Plaintiffs assert that plaintiffs purchased the business as individuals and not as a business entity. Defendant admits no discovery has been performed in this area.

Defendant's second basis for claiming that plaintiffs are a business entity is the 1983 amendment to the promissory note which contained a sworn statement of business purpose relating back to the 1979 transaction. Plaintiffs assert that the amendment was not intended as a sworn statement of business purpose, but merely to confirm that interest was no longer adjustable but was fixed at 10% per annum. They further contend that the 1983 amendment merely described the transaction and was never provided to the extenders of credit, namely, the Sindlingers. Consequently, the extenders of credit were not provided with a sworn statement of business purpose.

As was stated earlier, this Court must look beyond form to the real nature of the transaction in order to determine whether the exception is applicable to the instrument at bar. *Wilcox v Moore, supra.* We note that this statutory provision is similiar to the provision enacted to regulate corporate interest agreements, MCL 450.1275; MSA 21.200(275), in that it requires a written agreement in order to exceed the legal interest rate. This Court, in *Allan v M & S Mortgage Co,* 138 Mich App 28, 40; 359 NW2d 238 (1984), discussed the corporate statute and concluded that it was necessary to look beyond the corporate form and ascertain the true character of the transaction:

"We believe that in Michigan, as in New York, where an individual borrows money through a dummy corporation, to further his own personal or commercial enterprises, the defense of usury is not available. However, where the loan is made to an individual borrower to discharge his personal debts and obligations, and not in furtherance of a corporate or business enterprise, the individual borrower may assert the defense of usury. This doctrine protects both consumers and lenders. Consumers are protected from the practice of second-mortgage lenders insisting that the consumer form a corporation in order to demand usurious rates of interest. On the other hand, innocent lenders would not be subject to claims of usury by borrowers who were in business, but merely did not engage in corporate formalitites."

Consequently, whether the defense of usury was available to the borrower in *Allan* depended upon resolution of a question of fact: "whether the corporate form was used to conceal a usurious loan to an individual borrower made to discharge personal debts and obligations of the individual borrower." *Id.* Analogously, if the plaintiffs in the

instant case were, in fact, furthering their joint business interests through the purchase of the party store, then they should be treated as a business entity within MCL 438.61; MSA 19.15(71). Giving plaintiffs the benefit of a reasonable doubt, we conclude that further factual development is necessary to resolve this issue.

Plaintiffs point out that the business entity exception relied upon by defendant was enacted as an amendment to MCL 438.61; MSA 19.15(71) in 1983. 1983 PA 20. Before that time, the statute allowed only banks, insurance carriers and finance subsidiaries of manufacturing companies to take advantage of the business entity exception. According to plaintiffs, since the Sindlingers were not a qualified lender under the statute when the transaction was executed, regardless of plaintiffs' status as a business entity, the business entity exception is inapplicable. We disagree.

Usury is a defense which is enforceable through the penal provisions of MCL 438.32; MSA 19.15(2). *Michigan Mobile Homeowners Ass'n v Bank of the Commonwealth,* 56 Mich App 206; 223 NW2d 725 (1974), *lv den* 393 Mich 809 (1975). As a statutory defense, it is a valuable right, but not a vested right. The holder may be deprived of this by legislative action. *Lahti v Fosterling,* 357 Mich 578, 588-589; 99 NW2d 490 (1959). As a statutory penalty, it is ineffective if removed before judgment. See *Bay City & E S R Co v Austin,* 21 Mich 390 (1870); *Engle v Shurts,* 1 Mich 150 (1848).

Usury is available as a defense only if the instant transaction is subject to the usury statute. MCL 438.31; MSA 19.15(1). Because the amendatory language of 1983 PA 20 brings the Sindlingers into the qualified lenders category of the business entity exemption, even if the defense of usury was available prior to the enactment of 1983 PA

20, once that amendment became effective, that right as to future cases was extinguished. See *Michigan Mobile Homeowners Ass'n, supra,* pp 219-220. Therefore, if plaintiffs were in fact a business entity, then this section is applicable.

## B

### IS THE "REAL ESTATE" EXCEPTION APPLICABLE?

The next exception argued by defendant is MCL 438.31c(11); MSA 19.15(1c)(11), which provides in part that:

"the parties to a note, bond, or other indebtedness of $100,000.00 or more, the bona fide primary security for which is a lien against real property other than a single family residence, or the parties to a land contract of such amount and nature, may agree in writing for the payment of any rate of interest."

Defendant contends that real estate was the primary security of the promissory note because it secured over 55% of the total purchase price of the business. Plaintiffs assert that the promissory note is explicitly secured by personal property.

Primary security was construed in *Macklin v Brown,* 111 Mich App 110, 114; 314 NW2d 538 (1981), as meaning security which the creditor would sell first and to which he would look for the greatest yield on the indebtedness due. However, primary security is not necessarily tied to a certain percentage of the indebtedness. *Id.*

It is undisputed that the promissory note explicitly states that it is secured by a security agreement covering personal property. Therefore, the personal property would be the primary security for the note. See generally, MCL 440.9101 *et seq.;* MSA 19.9101 *et seq.* The cross-default terms would

not change this result since nothing in the promissory note gives the holder of the note the right to look to the real estate for satisfaction upon default of the promissory note. Therefore, the real estate exception does not apply to this promissory note as a matter of law.

## C

### DOES THE EQUITABLE DEFENSE OF "FAILURE TO DO EQUITY" BAR PLAINTIFFS RELIEF?

Defendant argues that plaintiffs failed to do equity because they have not tendered payment of all principal plus 5% interest. Therefore, according to defendant, plaintiffs' unclean hands bar them from equitable relief because "one who seeks equity must do equity". See *e.g., Hogan v Hester Investment Co,* 257 Mich 627; 241 NW 881 (1932); *Michigan Mobile Homeowners Ass'n, supra.* Defendant's argument is without merit. The equitable defense of unclean hands is not available in a case such as this where plaintiffs have not brought an equitable action to set aside the usurious obligation but have brought a declaratory action for determination of their legal rights pursuant to MCL 438.32; MSA 19.15(2). *Waldorf v Zinberg,* 106 Mich App 159; 307 NW2d 749 (1981).

## II

Having found that the transaction could be found to be usurious if further factual development is conclusive of plaintiffs' nonbusiness entity status, we must review the trial court's determination that the plaintiffs are nonetheless barred from asserting a usury defense because defendant is a holder in due course (HIDC) of the promissory note.

The trial court determined that defendant was a HIDC because defendant purchased the land contract and promissory note in good faith, relying on the fact that both instruments constituted the sale of a business which could have been accomplished solely by a single land contract. Therefore, pursuant to MCL 438.5; MSA 19.3, defendant took the promissory note free of a usury defense.

We conclude that defendant's HIDC status was a question of disputed fact so as to preclude its determination in a summary disposition procedure.

A HIDC takes a note free from any usury defense if he takes the note in good faith, for valuable consideration and without actual notice of the usurious taint. MCL 438.5; MSA 19.3. A note which is usurious on its face gives actual notice of the usury defense thereby precluding a HIDC status. See *Bird Finance Corp v Lamerson,* 303 Mich 422; 6 NW2d 732 (1942) (discussing the notice provision under pre-Uniform Commercial Code Law). Moreover, a finding of good faith is precluded by a party's failure to make appropriate inquiries where something appears on the face of the instrument or a fact is communicated such that the party could not honestly purchase without inquiry. *Muskegon Citizens Loan & Investment Co v Champayne,* 257 Mich 427; 241 NW 135 (1932).

In the case at bar, two separate and distinct documents were executed with separate and distinct collateral. The promissory note clearly identified the transaction as relating to the sale of a business and as being secured by personal property. The fact that separate and distinct collateral was the security for each note was underscored by the guaranty agreement signed by the Sindlingers. Defendant had actual notice of the 10% interest

rate on the promissory note and actual notice that this note was not secured by real estate. Therefore, defendant was not justified in relying on the real estate exception to the usury statute and could not qualify as a HIDC on this basis.

However, there remains the question of whether plaintiffs constitute a business entity calling into play the business entity exception. MCL 438.61; MSA 19.15(71). Also, regardless of plaintiffs' business entity status and giving the benefit of a reasonable doubt to defendant, there is also a question of whether defendant justifiably relied upon the business entity exception, thus potentially qualifying defendant as a HIDC entitled to take the note free from a usury defense. Therefore, summary judgment on defendant's HIDC status cannot be granted in favor of either party.

Reversed and remanded for proceedings not inconsistent with this opinion. We retain no further jurisdiction.