KRAUSE v GRIFFIS

Docket No. 106623. Submitted January 10, 1989, at Lansing. Decided
    July 5, 1989.

Ray and Gayle Griffis operated an adult foster care facility owned
    by Vera Darbee, who under a codicil to her will had granted
    the Griffises an option to purchase the facility from her succes-
    sors in interest within six months of her death. The codicil
    provided that the purchase be by land contract with an interest
    rate at one percentage point lower than the rate charged by
    banks for residential mortgages on the date of Darbee's death.
    The Griffises exercised their option within six months of Dar-
    bee's death by entering into a land contract with Sherryl L.
    Krause and others who had succeeded the decedent as owners
    of the property. The land contract provided for an interest rate
    of fifteen percent per year. On the day the contract was
    executed, the usury act provided that interest rates charged for
    mortgages and land contracts by nonregulated, nonbank lend-
    ers could not exceed eleven percent. On the day following the
    contract's execution, the "business entity" exception to the
    usury act was amended so as to allow nonregulated lenders to
    charge a maximum of fifteen percent interest on loans to
    business entities. A controversy arose between the land con-
    tract parties as to whether the rate of interest was usurious.
    The vendors brought an action in the Tuscola Circuit Court
    against the purchasers. Plaintiffs sought a declaration that the
    business entity exception applied to the parties' land contract.
    The court, Patrick R. Joslyn, J., granted summary disposition
    in plaintiffs' favor. Defendants appealed.

    The Court of Appeals *held:*

    The trial court did not err in concluding that the business
    entity exception applied to the parties' land contract since it
    was not disputed that the property was being used for business
    purposes and that defendants were operating the business as a
    partnership.

    Affirmed.

REFERENCES

Am Jur 2d, Interest and Usury §§ 5, 167.

Statute denying defense of usury to corporation. 63 ALR2d 924.

1. CONTRACTS — USURY.

> Usury, as a statutory defense to a contractual debt obligation, is not a vested right and may be extinguished by subsequent legislative action (MCL 438.32; MSA 19.15[2]).

2. CONTRACTS — USURY — BUSINESS ENTITY EXCEPTION.

> The usury act provides a "business entity" exception in regard to the rate of interest which may be charged a business entity; under the exception, it is lawful in connection with an extension of credit to a business entity by any person other than a state or nationally chartered bank, insurance carrier, or finance subsidiary of a manufacturing corporation for the parties to agree in writing to any rate of interest not exceeding fifteen percent per year (MCL 438.61; MSA 19.15[71]).

3. CONTRACTS — USURY — BUSINESS ENTITY EXCEPTION — JUDICIAL CONSTRUCTION.

> A court, in determining whether the business entity exception to the usury act applies to a particular contractual debt obligation, must look beyond the form of the contract to the true nature of the transaction (MCL 438.61; MSA 19.15[71]).

4. CONTRACTS — USURY — BUSINESS ENTITY EXCEPTION — LAND CONTRACTS.

> A fifteen percent rate of interest on a land contract may be held not to be usurious under the business entity exception where the parties involved knew that the property would be continued to be used for business purposes and that the business would be operated as a partnership (MCL 438.61; MSA 19.15[71]).

*Abbey & Abbey* (by *Thomas D. Abbey*), for plaintiffs.

*Braun, Kendrick, Finkbeiner, Schafer & Murphy* (by *Michael J. Jordan* and *Craig W. Horn*), for defendants.

Before: GRIBBS, P.J., and MICHAEL J. KELLY and MARILYN KELLY, JJ.

MARILYN KELLY, J. Defendants appeal as of right from the circuit court's order granting summary disposition to plaintiffs pursuant to MCR 2.116(C)(10). At issue is the interest rate applicable to a land contract.

Plaintiffs are holders of a title interest in property sold to defendants on land contract. They filed suit seeking a declaration that the fifteen percent interest rate provided in the land contract was not usurious, because the "business entity" exception applied. The circuit court agreed. It concluded that the sworn statement of business purpose required for the business entity exception was satisfied by the wording of the land contract itself. Defendants appeal as of right. We affirm.

Prior to March, 1983, defendants, Ray and Gayle Griffis, were the operators of an adult foster care facility owned by Vera Darbee. Darbee had executed a codicil to her will in 1980 granting the Griffises an option to purchase the facility, including a detached rental unit on the premises. The codicil provided that the option was to be exercised within six months of her death and that the purchase would be by land contract. The interest rate was to be one percent less than the rate being charged by banks for residential mortgages on the date of her death.

Darbee died in 1983. Within six months, defendants exercised their option and entered into a land contract following the requirements of the codicil. The contract provided that the purchase price was to be allocated as follows: $52,000 for real estate, $36,000 for income potential (foster home), and $5,000 for personal property. The annual rate of interest was fifteen percent.

On the day the contract was executed, interest rates charged for mortgages and land contracts by nonregulated, nonbank lenders such as plaintiffs could not exceed eleven percent. MCL 438.31c(6); MSA 19.15(1c)(6). However, the following day MCL 438.61; MSA 19.15(71) was amended to permit nonregulated lenders to charge interest rates not exceeding fifteen percent. To qualify, the borrower

had to be a business entity. MCL 438.61(1); MSA 19.15(71)(1).

A controversy arose between the parties in this case as to whether the land contract was usurious. Defendants refused to sign a sworn statement of business interest when asked to do so. Plaintiffs therefore filed for declaratory relief asserting that the interest rate recited in the land contract was not usurious, because the business entity exception applied.

Initially we note that defendants cannot argue that the rate is usurious because MCL 438.61; MSA 19.15(71) was not amended until the day after the contract was executed. The defense of usury is not a vested right. It may be extinguished by subsequent legislative action. *Paul v US Mutual Financial Corp,* 150 Mich App 773, 784; 389 NW2d 487 (1986).

The business entity exception of MCL 438.61; MSA 19.15(71) provides in pertinent part:

> (1) As used in this act "business entity" means: (a) A corporation, trust, estate, partnership, cooperative, or association; or (b) A natural person who furnishes to the extender of the credit a sworn statement in writing specifying the type of business and business purpose for which the proceeds of the loan or other extension of credit will be used, but the exemption provided by this act does not apply if the extender of credit has notice that the person signing the sworn statement was not engaged in the business indicated.
>
> * * *
>
> (3) Notwithstanding the provisions of Act No. 326 of the Public Acts of 1966, it is lawful in connection with an extension of credit to a business entity by any person other than a state or nationally chartered bank, insurance carrier, or finance subsidiary of a manufacturing corporation

for the parties to agree in writing to any rate of interest not exceeding 15% per year.

Defendants contend that the failure of plaintiffs to obtain an affidavit from them precluded the land contract from falling under the business entity exception. Plaintiffs maintain that the land contract itself was a sufficient sworn statement for the purposes of the exception. They contend that defendants are a business entity, as they operate the foster care facility as a partnership.[1]

When determining whether the exception is applicable, we look beyond the form to the true nature of the transaction. *Paul, supra,* p 783; *Holland v Michigan Nat'l Bank,* 166 Mich App 245, 255; 420 NW2d 173 (1988). All the evidence indicates that the property involved is being operated as a business. Defendants admit that they continue to operate the foster care facility. Mrs. Griffis testified that her husband is her business partner. The land contract, signed by defendants and notarized, makes reference to the facility as "income potential" property. The situation presented in this case is not one in which a business purpose affidavit is being used to evade the usury statute.

> The overall policy of the business entity exception statute is to allow business entities to contract for loans without the entangling restrictions of the usury statute, which may make it difficult for the business to obtain credit. We believe that the purpose of the exception to the exception, that is where the lender is aware that the person signing the sworn statement was not engaged in the business indicated, is designed to prevent the fraudulent use of the business entity exception where the

---

[1] The parties do not argue that the foster care facility qualified as a business entity under § 1(a). Therefore we do not address this issue.

parties are aware that there is not business or business purpose involved in the loan. We conclude that the exception does not apply where, as here, all parties to the loan know that the proceeds of the loan would be applied to a business purpose. [Holland, supra, p 256.]

In this case there is no question that the parties involved knew that the property was being used for business purposes and that defendants operated the business as a partnership. We find that the trial court properly concluded that the business entity exception is applicable.

Defendants also argue that, if plaintiffs are entitled to a business entity exception, then it applies only to that part of the proceeds allocated to the income potential property. However defendants have failed to cite any supporting authority for their position. Consequently we treat this issue as abandoned and do not address it further. *Branch Co Bd of Comm'rs v Local 586,* 168 Mich App 340, 346; 423 NW2d 658 (1988). Also, defendants failed to present this issue to the trial court. Thus it is unpreserved and need not be addressed absent manifest injustice. *Providence Hospital v Nat'l Labor Union Health & Welfare Fund,* 162 Mich App 191, 194; 412 NW2d 690 (1987). The record reveals that the price was allocated to several portions of the property, not because some of it was intended to be applied to nonbusiness purposes but simply for tax purposes. There is no manifest injustice.

Affirmed.