*In re* PETERSON ESTATE

PETERSON v MASSEY

Docket No. 124018. Submitted April 10, 1991, at Lansing. Decided
    December 19, 1991; approved for publication March 11, 1992, at
    9:15 A.M.

Leonard Wagner petitioned the Ingham Probate Court for the
admission of the will of Evelyn M. Peterson, deceased. The will
named Wagner as personal representative of the estate and
Anthony M. Peterson, the testatrix's son, as principal devisee.
Penelope P. Massey, the testatrix's daughter, challenged the
will, claiming that Anthony Peterson had exerted undue influ-
ence over the testatrix. The court, R. George Economy, J.,
granted summary disposition for Wagner and Anthony Peter-
son, determining that the testatrix was too strong-willed to
have been unduly influenced by her son. Massey appealed.

The Court of Appeals *held:*

Sufficient evidence establishing a presumption of undue influ-
ence was presented by Massey. Because the question whether
such a presumption has been rebutted is one that must be
decided by the trier of fact, the probate court erred in engaging
in fact finding in deciding the motion for summary disposition.

Reversed.

1. WILLS — UNDUE INFLUENCE.

    Undue influence on a testator may be established by a showing
    that the testator was subjected to threats, misrepresentation,
    undue flattery, fraud, or physical or moral coercion sufficient to
    overpower volition, destroy free agency, and impel the grantor
    to act against inclination and free will.

2. WILLS — UNDUE INFLUENCE — PRESUMPTIONS — BURDEN OF PROOF
    — BURDEN OF PERSUASION.

    A presumption of undue influence attaches to a transaction
    where the evidence establishes that a confidential or fiduciary
    relationship existed between a grantor and a fiduciary, that the

REFERENCES

Am Jur 2d, Wills §§ 390, 392, 399, 480, 481, 498.
See the Index to Annotations under Wills.

fiduciary benefits from the transaction, and that the fiduciary had an opportunity to influence the grantor's decision in that transaction; the establishment of the presumption shifts the burden of going forward with contrary evidence onto the person contesting the claim of undue influence, but the burden of persuasion remains with the party asserting the claim of undue influence.

3. WILLS — UNDUE INFLUENCE — PRESUMPTIONS — REBUTTAL.
   Whether a presumption of undue influence over a testator has been rebutted is a question for the trier of fact.

*Smith, Johnson, Brandt & Heintz, Attorneys, P.C.* (by *Louis A. Smith* and *Patrick E. Heintz*), for Anthony M. Peterson.

*Fraser Trebilcock Davis & Foster, P.C.* (by *Joe C. Foster, Jr., Paula R. Latovick,* and *Kathleen E. Kane*), for Penelope P. Massey.

Before: WEAVER, P.J., and MacKENZIE and GRIBBS, JJ.

MacKENZIE, J. This is a will contest action. Appellant Penelope P. Massey (contestant) is the daughter of the testator, Evelyne M. Peterson. The proponent of Ms. Peterson's will, appellee Anthony M. Peterson, is contestant's brother and Ms. Peterson's son. Appellee Leonard P. Wagner, personal representative of the estate, is Ms. Peterson's brother. Ms. Peterson's net transferable estate has been valued at $660,496. Contestant challenged her mother's will on a number of grounds, including an allegation that it was the product of undue influence. The probate court granted summary disposition in favor of appellees pursuant to MCR 2.116(C)(10), apparently finding as a matter of law that Evelyne Peterson was not unduly influenced when she drafted her will. Contestant appeals as of right. We reverse.

In June 1986, Ms. Peterson, then seventy-three

years old, moved to Vermont to live with contestant and contestant's husband, Frank Massey. Peterson was diagnosed as having lung cancer in April 1987, and underwent radiation therapy from June 1987 to the end of July 1987. Contestant held a family reunion at her Vermont farm on August 1, 1987. Anthony Peterson, a resident of East Lansing, Michigan, attended the reunion, as did Ms. Peterson. A few weeks later, Ms. Peterson stopped speaking to Frank Massey for reasons not apparent from the record. Anthony Peterson then drove back to Vermont to deliver to decedent brochures about a nursing home in East Lansing. Ms. Peterson subsequently informed contestant that she was moving to Michigan. In October 1987, Anthony Peterson drove his mother from Vermont to Michigan. On December 28, 1987, Evelyne Peterson executed a will that essentially disinherited contestant unless she was divorced or separated from Frank Massey at the time the will was probated. Evelyne Peterson died on August 11, 1988. Contestant is still married to Frank Massey.

Contestant claims that the probate court erred in finding, as a matter of law, that Evelyne Peterson's will was not the product of undue influence. We agree.

Claims of undue influence were discussed by this Court in *In re Mikeska Estate,* 140 Mich App 116, 120-121; 362 NW2d 906 (1985), quoting *Kar v Hogan,* 399 Mich 529; 251 NW2d 77 (1976):

> "To establish undue influence it must be shown that the grantor was subjected to threats, misrepresentation, undue flattery, fraud, or physical or moral coercion sufficient to overpower volition, destroy free agency and impel the grantor to act against his inclination and free will." *Kar v Hogan,* 399 Mich 529, 537; 251 NW2d 77 (1976). However, there is a presumption of undue influ-

ence which attaches to a transaction where the evidence establishes (1) the existence of a confidential or fiduciary relationship between the grantor and a fiduciary, (2) that the fiduciary (or an interest which he represents) benefits from the transaction, and (3) that the fiduciary had an opportunity to influence the grantor's decision in that transaction. *Id.* The establishment of this presumption creates a "mandatory inference" of undue influence, shifting the burden of going forward with contrary evidence onto the person contesting the claim of undue influence. However, the burden of persuasion remains with the party asserting such. If the defending party fails to present evidence to rebut the presumption, the proponent has satisfied the burden of persuasion. *Id.,* pp 541-542. [Emphasis omitted.]

In this case, it was essentially undisputed that a fiduciary relationship existed between Anthony Peterson and Evelyne Peterson. It was also essentially undisputed that Anthony Peterson stood to benefit from his mother's will. Additionally, it was apparent that Anthony Peterson had the opportunity to influence Evelyne Peterson. On this record, therefore, the trial court should have found a "mandatory inference" of undue influence, as required under *Mikeska Estate* and *Kar, supra.* Instead, the court acknowledged that the three factors creating the presumption of undue influence were satisfied, but then proceeded to make the factual determination that Evelyne Peterson was too strong-willed to have her volition overpowered:

> [T]he issue of whether or not undue influence has been determined by the Supreme Court of the State of Michigan to contain three essential factors: The existence of a confidential or fiduciary relationship between the testator and testatrix and fiduciary, the fiduciary or an interest he represents benefitting from any such transaction, and fidu-

ciary having had an opportunity to influence the testator's decision. The Court finds, as it pertains to these three issues, that in fact, because of Mr. Peterson's relationship to the companies and his relationship, specifically, to his mother, that there was an existence of a confidential or fiduciary relationship. The question that this Court concerns itself with, however, was whether or not he, through this position, was able to influence his mother and whether there were any specific incidences in which it may be surmised that he may have influenced the decedent.

The Court has heard the testimony of [contestant] and, though there is testimony that Mr. Peterson did, in fact, take time to be alone with his mother prior to the preparation of her new Will, that this Court is still of the opinion that Evelyne Peterson was of such character at the time of the preparation of her Will that she was not unduly influenced. That she may have heard from her son, but this Court does not find there is a basis to take the issue of undue influence to the jury and will grant Summary Judgment on that issue as well.

It is well settled that a trial court may not make findings of fact or weigh credibility in deciding a motion for summary disposition. See, e.g., *Paul v U S Mutual Financial Corp,* 150 Mich App 773, 779; 389 NW2d 487 (1986). Whether the presumption of undue influence is rebutted is a question to be resolved by the finder of fact. *In re Vollbrecht Estate,* 26 Mich App 430, 437; 182 NW2d 609 (1970). See also *Kar, supra,* p 542. Here—especially in light of the "mandatory inference" of undue influence that arose when the three factors set forth in *Mikeska Estate* and *Kar* were satisfied— the probate court impermissibly engaged in fact finding when it independently assessed the strength of Evelyne Peterson's character and determined that she was not susceptible to being

unduly influenced. Whether there was sufficient evidence to overcome the presumption of undue influence was for the trier of fact to decide. Accordingly, we reverse the probate court's grant of summary disposition.

Reversed.